■ ANTHONY MURATORE CONTRACTING CO., INC., Respondent, v. FROUGE CONSTRUCTION COMPANY, INC., Now Known as FROUGE CORPORATION, Appellant. — In an action by a subcontractor to recover a balance allegedly due under its executed written agreement with a general contractor, defendant appeals from an order of the Supreme Court, Kings County, entered May 12, 1966, which denied its motion to (1) direct that plaintiff's claims proceed to arbitration pursuant to the arbitration clause contained in said agreement and (2) stay the action. Order reversed, with $10 costs and disbursements; and motion granted. In general, on a motion to relegate claims to arbitration, there are only two questions before the court: the existence of an agreement to arbitrate and whether there is a dispute arising thereunder (*Matter of Carey [Westinghouse Elec. Corp.],* 6 A D 2d 582; see *Matter of Uddo [Taormina],* 21 A D 2d 402; *A-1 Camp Chair Serv. Co.* v. *Crow Constr. Corp.,* 24 A D 2d 623; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7503.04). Here, there is no issue as to existence of the agreement to arbitrate and, in our opinion, the broad language of the arbitration clause disposes of whether there is a dispute arising thereunder. The arbitration clause here is a general and independent one which provides in pertinent part as follows: "All disputes * * * which may arise out of anything pertaining to this agreement, shall be submitted to arbitration as hereinafter provided, and in all such cases, the Subcontractor shall in no manner cease performing the work called for hereunder, or any other or extra work, but shall proceed with the same uninterruptedly" (cf. *Matter of Dana Realty Corp. [Consolidated Elec. Constr. Co.],* 21 A D 2d 769). Clearly, there is a dispute here as to the amount due plaintiff. Otherwise plaintiff would never have instituted its action (see 8 Weinstein, *op. cit. supra,* par. 7501.20 [p. 75–20]). This dispute is something which has arisen out of the agreement. Accordingly, there is nothing left for the court to do but refer the parties to arbitration (CPLR 7501). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.